**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6674**

_____

DANIEL L. CROWDER,

> Plaintiff - Appellant,

v.

BETHANY HERMAN, NC Chief Probation Officer; GREGORY MOSS, JR., NC Parole Commission - Member; GRAHAM ATKINSON, NC Parole Commission - Member; HALEY PHILLIPS, NC Parole Commission - Member; DARREN JACKSON, NC Parole Commission - Chair,

> Defendants - Appellees,

and

KIMBERLY BURRESS,

> Defendant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Kenneth D. Bell, District Judge. (1:24-cv-00059-KDB)

_____

Submitted: August 26, 2025                    Decided: October 28, 2025

_____

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Dismissed in part, vacated in part, and remanded by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Judge Wynn joined.

_____

**ON BRIEF:** James S. Ballenger, Abigail Jones, Third Year Law Student, Benjamin Leonard, Third Year Law Student, Ames O'Boyle, Third Year Law Student, Anthony Valdez, Third Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Jeff Jackson, Attorney General, Alex R. Williams, Special Deputy Attorney General, Tanner J. Ray, Assistant Attorney General, Nicholas S. Brod, Solicitor General, Kaeli E. Czosek, Solicitor General Fellow, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this Circuit.

QUATTLEBAUM, Circuit Judge:

Daniel Crowder appeals the district court's dismissal of his claims against the members of the North Carolina Post-Release Supervision and Parole Commission and a parole officer alleging violations of his substantive and procedural due process rights. Crowder challenged a condition of his post-release supervision (PRS) imposed by the State of North Carolina prohibiting him from living with or even contacting his wife while on PRS. The district court dismissed Crowder's damages claims against defendants in their individual capacities based on immunity and then dismissed his injunctive relief claims based on *Younger* abstention.

Crowder's PRS term is now complete, so we can no longer grant him the injunctive relief he seeks—the invalidation of the no-contact condition. Therefore, we dismiss as moot Crowder's appeal insofar as it concerns his claims for injunctive relief. Crowder's individual capacity damages claims remain live, and we cannot tell whether the district court dismissed them based on absolute or qualified immunity. Also, the district court did not distinguish between Crowder's substantive and procedural due process claims in dismissing his damages claims. Thus, we vacate the district court's dismissal of the damages claims and remand for the district court to assess whether the defendants are protected by either absolute or qualified immunity and to separately analyze Crowder's substantive and procedural due process claims.

3

**I.**

On May 11, 2022, Crowder pled guilty to one felony count of violating N.C. Gen. Stat. § 14-318.4(a4),[1] which carried a maximum term of 88 months, and two misdemeanor counts of violating N.C. Gen. Stat. § 14-318.2,[2] which each carried a maximum term of 150 days. Crowder's wife pled guilty the same day to the same charges. At sentencing, both received "a maximum term of 42 months in the custody of the [North Carolina Department of Adult Correction] for the felony conviction, a consecutive sentence of a maximum term of 75 days in the custody of the Swain County Sheriff for both misdemeanor convictions" and a 12-month term of PRS. J.A. 55 n.4.

Under North Carolina law, PRS is "[t]he time for which a sentenced prisoner is released from prison before the termination of his maximum prison term." N.C. Gen. Stat. § 15A-1368(a)(1). PRS is administered by the Commission. *Id.* § 15A-1368(b). The Commission must apply certain conditions to a PRS term, *see id.* § 15A-1368.4(b)-(b1), and may additionally impose "[d]iscretionary [c]onditions" that "it believes reasonably necessary to ensure that the supervisee will lead a law-abiding life or to assist the supervisee to do so," *id.* § 15A-1368.4(c).

---

[1] Section 14-318.4(a4) reads: "A parent or any other person providing care to or supervision for a child less than 16 years of age whose willful act or grossly negligent omission in the care of the child shows a reckless disregard for human life is guilty of a Class E felony if the act or omission results in serious bodily injury to the child."

[2] Section 14-318.2(a) reads: "Any parent of a child less than 16 years of age, or any other person providing care to or supervision of such child, who inflicts physical injury, or who allows physical injury to be inflicted, or who creates or allows to be created a substantial risk of physical injury, upon or to such child by other than accidental means is guilty of the Class A1 misdemeanor of child abuse."

In January 2024, Crowder allegedly learned that he and his wife "would not be allowed to live together nor contact each other while on [PRS], and that [Crowder] needed to make alternative living arrangements since his wife . . . would be released before him." J.A. 20. After exhausting his administrative remedies, Crowder filed this suit under 42 U.S.C. § 1983.[3] In his amended complaint, Crowder alleged that the imposition of the PRS condition that barred him from living with or contacting his wife violated his Fourteenth Amendment due process rights. He sought monetary damages and an injunction against the enforcement of the condition. The district court sua sponte dismissed Crowder's damages claims under the screening provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2).[4] It explained:

> The Court will also dismiss Plaintiff's claims against all Defendants in their individual capacities because, as parole officers and members of the [Commission], they are immune from liability in money damages. *See Douglas v. Muncy*, 570 F.2d 499, 501 (1978); *Pope v. Chew*, 521 F.2d 400 (4th Cir. 1975).

J.A. 35. Later, on defendants' motion, the district court dismissed the remainder of Crowder's amended complaint. Although the parties had not briefed the issue, the district court abstained from reviewing the challenged PRS condition under *Younger v. Harris*,

---

[3] Crowder filed his initial complaint in this suit on February 20, 2024. The district court dismissed that complaint on grounds irrelevant to this appeal. He filed an amended complaint—the operative pleading for this appeal—on March 11, 2024.

[4] Where, as here, a prisoner files a lawsuit in forma pauperis, § 1915(e)(2) requires that the district court sua sponte dismiss the suit "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

5

401 U.S. 37 (1971). In the alternative, the district court said, it would have dismissed Crowder's claims for failure to state a deprivation of a constitutional right.

Crowder appealed from the district court's dismissal.[5] He challenges three aspects of the district court's decision: (1) its invocation of *Younger* abstention; (2) its dismissal of Crowder's damages claims on immunity grounds; and (3) its failure to address a procedural due process claim that Crowder purportedly pled. We address each of those issues in turn.

## II.

First, *Younger* abstention. A few months after dismissing Crowder's damages claims during PLRA screening, the district court exercised its discretion to abstain from considering his claims for injunctive relief under *Younger*. It reasoned that federal judicial review of the no-contact provision would interfere with North Carolina's administration of Crowder's PRS term and thus dismissed the injunctive relief claims. Crowder argues that the district court "erred by invoking *Younger* abstention" because his PRS term was not a "qualifying 'proceeding' ongoing when [he] filed his federal suit, and no available state procedures afforded him adequate opportunity to raise his constitutional claims." Op. Br. at 16.

---

[5] Crowder does not challenge the dismissal of his claims against Kimberly Burress, a parole officer, on appeal. The district court dismissed Crowder's claim against Burress because Crowder "allege[d] only that [Burress] 'could not verify' [Crowder's] home plan and that it was consequently denied," which did not suffice to state a due process claim. J.A. 35 (quotation omitted). Crowder did not allege that Burress imposed or administered the challenged PRS condition. Crowder does challenge the dismissal of his claims against Bethany Herman, another parole officer.

We do not reach the merits of this argument. Crowder acknowledges that his term of PRS ended on May 7, 2025, rendering his claims for injunctive and declaratory relief moot. Reply Br. at 10. Crowder asks us to "clarify[] that abstention was never appropriate in these circumstances" to provide "guidance to the district courts and to future litigants." *Id.* But our views on the district court's disposition of a claim that has undisputedly become moot would be advisory. And federal courts do not issue advisory opinions. *United States v. Batato*, 833 F.3d 413, 422 (4th Cir. 2016) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). So, we dismiss this portion of Crowder's appeal.

## III.

Second, immunity. In dismissing Crowder's claims for money damages, the district court concluded that defendants were shielded from damages claims by virtue of their positions. Yet we are left with some uncertainty as to how the district court reached its decision. The district court did not specify whether it was invoking absolute or qualified immunity. The flavor of immunity matters. If it was absolute immunity, the functions that defendants carried out, rather than simply their job titles, must justify absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("In determining whether particular actions of government officials fit within the common-law tradition of absolute immunity, or only the more general standard of qualified immunity, we have applied a 'functional approach,' which looks to the 'nature of the function performed, not the identity of the actor who performed it.'" (citations omitted)). If it was qualified immunity, we cannot tell if the district court held that no constitutional violation occurred or that Crowder's alleged rights were not clearly established. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

7

Lastly, under either ground, we cannot tell if the district court separately considered the conduct of the four Commission members, who imposed the no-contact condition, and the parole officer, who administered the condition.

This opinion should not be construed to criticize the district court. In screening Crowder's complaint under the PLRA, the district court was in a tough spot. It was evaluating defendants' immunity without the benefit of adversarial briefing. And the district court was "not required to state findings [of fact] or conclusions [of law]" at all. Fed. R. Civ. P. 52(a)(3). But since we cannot tell the basis of the district court's dismissal of Crowder's damages claims, it is just to vacate that dismissal and remand to allow the district court to clarify its reasoning. *See* 28 U.S.C. § 2106.

## IV.

Third, Crowder's procedural due process claim. The parties agree that Crowder raised a substantive due process claim below. We additionally understand Crowder to raise a procedural due process claim in the following sentences:

> This post release condition that the parole commission has imposed, should be done so on an individual basis. The plaintiff's situation is rare, where a husband and wife are 'co-defendants,' therefore this post release condition should only be imposed after a person[']s due process is given.

J.A. 25. Crowder's use of temporal language to describe this due process concern—that "after" due process is provided, the no-contact provision might be permissibly imposed— demonstrates that he is not simply reiterating his substantive due process claim but instead raising a procedural due process claim. *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (describing the "essence" of procedural due process as "the requirement that a person in

8

jeopardy of serious loss" is given "notice of the case against him and opportunity to meet it" (citation omitted)).

When the district court dismissed Crowder's "claims against all Defendants in their individual capacities" because they were "immune from liability in money damages," J.A. 35, it did not separately address Crowder's substantive and procedural due process claims. When the district court addresses Crowder's damages claims on remand, the district court should analyze each claim separately.

## V.

To be clear, we offer no view on how the district court ought to ultimately answer the questions of whether defendants are protected by immunity—absolute or qualified—or whether Crowder's substantive and procedural due process claims should receive different dispositions. Instead, we dismiss Crowder's appeal of the dismissal of his injunctive relief claims as moot and remand the remainder of the claims to the district court to further develop its immunity rulings as to Crowder's substantive and procedural due process claims.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*